```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA
                                    :   MEMORANDUM DECISION
        - against -
                                    :   05 Civ. 3662 (DC)
TENG CHEN,                              03 Cr. 567 (DC)
                                    :
             Defendant.
                                    :
- - - - - - - - - - - - - - - - - -x

APPEARANCES:    TENG CHEN
                Defendant Pro Se
                Federal Correctional Institution
                P.O. Box 420
                Fairton, New Jersey  08320

                MICHAEL GARCIA, ESQ.
                United States Attorney for the
                    Southern District of New York
                    By:  Leslie C. Brown, Esq.
                         Assistant United States Attorney
                One Saint Andrew's Plaza
                New York, New York  10007
```

**CHIN, D.J.**

Pro se defendant Teng Chen moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that: (1) he received a sentence above the statutory maximum based on facts not found by a jury; and (2) he received ineffective assistance of counsel. For the reasons set forth below, the motion is denied.[1]

---

[1] Because I find that "it plainly appears from the face of the [section 2255] motion and . . . the prior proceedings in the case that [Chen] is not entitled to relief," I do not order the United States Attorney to file an answer to the instant motion. See Rules Governing Section 2255 Proceedings for the U.S. Dist. Courts 4(b); Armienti v. United States, 234 F.3d 820, 822-23 (2d Cir. 2000).

## BACKGROUND

**A.  The Facts**

Chen appeared before me on February 5, 2004, and pled guilty to the following:

In July of 2002, Chen, along with several others, planned and executed three robberies in New York. (Plea Tr. at 15-19).[2] On July 7, 2002, Chen and others robbed an illegal gambling operation in Chinatown in Manhattan. (Id. at 15-16). Three weeks later, on July 29, 2002, Chen and his co-conspirators planned and executed a similar robbery in Queens, New York, again robbing a residence known to host an illegal gambling operation. (Id. at 16-17). The third robbery took place the next day, on July 30, 2002. (Id. at 18). Chen and others robbed a residence in Flushing, New York. (Id. at 17-18). Chen admitted using a firearm during this robbery, and admitted that he and his co-conspirators had agreed to use force or the threat of force. (Id. at 18). Then, a year later in June of 2003, Chen and others robbed a residence in a suburb of Atlanta, Georgia, after planning the robbery in the Southern District of New York. (Id. at 17, 19-20). Chen believed that the home contained proceeds from a local business. (Id. at 19).

**B.  Prior Proceedings**

Chen was indicted on May 7, 2003. On February 5, 2004, Chen entered into a plea agreement with the government based on

---

[2] References to "Plea Tr." are to the transcript of the guilty plea allocution on February 5, 2004. References to "Sent. Tr." are to the transcript of the sentencing on October 4, 2004.

an Information filed by the United States Attorney. (Plea Agreement at 1). The plea agreement provided that Chen would plead guilty to four counts of conspiracy to commit robbery in violation of 18 U.S.C. § 1951, and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). (Id.). Chen and the government stipulated to an offense level of 33, a criminal history category of I, and a sentencing range of 219 to 252 months' imprisonment. (Id. at 6-7). The plea agreement provided that:

> It is . . . agreed that the defendant will not file a direct appeal from, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the Stipulated Sentencing Guidelines Range set forth above (219 to 252 months).

(Id. at 9). On February 5, 2004, Chen appeared before this Court and pled guilty pursuant to the terms of the plea agreement. The colloquy between the Court and the defendant included the following:

> THE COURT: Have you had a full opportunity to discuss your case with Mr. DiChiara and to discuss the consequences of entering a plea of guilty?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with your attorney and his representation of you?
>
> THE DEFENDANT: I am satisfied.
>
> . . .
>
> THE COURT: I am going to review with you the maximum possible penalties for the crimes in question. Counts one, two, three and five, conspiracy to commit robbery counts, each carry a maximum sentence of 20 years

> imprisonment . . . . Do you understand that?
>
> THE DEFENDANT: I understand.
>
> THE COURT: So that as a theoretical matter, on counts one, two, three and five, you face a total maximum sentence of incarceration of 80 years. Do you understand?
>
> THE DEFENDANT: I understand.
>
> THE COURT: Count four is a gun count, it carries a maximum sentence of life imprisonment, a mandatory minimum term of seven years imprisonment to run consecutively to any sentence imposed on counts one, two, three and five . . . . Do you understand that?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: Now your plea agreement contains a provision whereby you are waiving your right to appeal or otherwise challenge any sentence within the stipulated range of 219 to 252 months, that is any sentence within that range or below it. Do you understand that?
>
> THE DEFENDANT: I understand.
>
> THE COURT: In other words, if I sentence you to 252 months in prison or anything less, you would have no right to appeal or otherwise try to challenge that sentence. Do you understand that?
>
> THE DEFENDANT: I understand.
>
> THE COURT: Did you waive your right to appeal knowingly and voluntarily?
>
> THE DEFENDANT: Correct.

(Plea Tr. at 6-14). The Court accepted the plea. (<u>Id.</u> at 24).

Following the guilty plea, the probation department prepared a pre-sentence report ("PSR") containing a calculation

of the appropriate sentence under the sentencing guidelines.  The probation department determined that the offense level calculated by the government and stipulated to by both parties in the plea agreement did not accurately reflect the facts of the case.  (PSR at 9; Sentence Tr. at 5).  Whereas the plea agreement provided that the offense level would be increased six levels because a victim had sustained "permanent or life threatening injury" (Plea Agreement at 4), the PSR recommended that only a two-level adjustment was applicable, because there was evidence only of "some bodily injury."  (PSR at 9).  The PSR also recommended decreasing the offense level another two levels by finding only that the "defendant brandished a firearm" rather than that "a firearm was discharged."  (Id.; Plea Agreement at 4).  The offense level for Count Two was decreased from 33 to 27 as a result.  (PSR at 9).

The final offense level was calculated by taking the count with the highest offense level (count one had an offense level of 29) and increasing that level per the provisions of U.S.S.G. § 3D1.4.  The other counts added up to a total of three units, which added three offense levels, resulting in an adjusted offense level of 32.  (Id. at 10-11).  The PSR gave petitioner a further three levels off for acceptance of responsibility.  (Id. at 11).  The final offense level was calculated at 29, four levels below the stipulated plea agreement offense level of 33.  (Id.; Plea Agreement at 6).

As a result, the probation department recommended that

the Court deviate from the stipulated sentencing range of 219-252 months and impose a sentence of 192 months' imprisonment, comprised of 108 months for counts one, two, three, and five, to be followed by 84 months for count four. (PSR at 20-21; Sentence Tr. at 6).

On October 4, 2004, this Court sentenced Chen. The government argued that the stipulated sentencing range of 219-252 months should still apply. (Sentence Tr. at 3-6). Defense counsel argued for the lower range recommended in the PSR. (Id. at 4-6). The Court overruled the government's objection and concluded that the range was 171-192 months. The Court followed the recommendation of the probation department and sentenced Chen to 192 months' imprisonment. (Id. at 6).

Chen did not appeal. On December 12, 2004, he submitted to the Court a request for leave to file an untimely notice of appeal. The Court denied the request by order dated February 4, 2005, holding that it did not have the authority to extend the time to appeal because more than thirty days had elapsed since Chen's time to appeal had expired. The Court noted that Chen could only seek redress through a Section 2255 motion to vacate, set aside, or correct his sentence. On February 28, 2005, Chen filed the present motion.[3]

---

[3]  The motion is timely. "A motion by a federal prisoner for post-conviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from the date on which the judgment of conviction becomes final." Clay v. United States, 537 U.S. 522, 524 (2003) (quoting 28 U.S.C. § 2255). When there is no appeal, conviction becomes final ten days after entry of judgment in the district court. See Moshier v. United

**DISCUSSION**

Chen argues that: (1) he was sentenced beyond the statutory maximum in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); and (2) he received ineffective assistance of counsel because his attorney failed to (a) "conduct a diligent discovery investigation," and (b) file a timely notice of appeal. (Memorandum at 5).[4]  The motion is denied, both on the merits and because Chen has waived his right to challenge his sentence.

**A.    Waiver of Right to File a § 2255 Motion**

In his plea agreement, Chen agreed that he would "not file a direct appeal from, nor litigate under Title 28, United States Code, Section 2255 and/or Section 2241, any sentence within or below the stipulated Sentencing Guidelines Range set forth above (219 to 252 months)."  (Plea Agreement at 9).  As the Second Circuit has held, "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993).

---

States, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Fed. R. App. P. 4.  Here, judgment was entered October 13, 2004, and this motion was filed February 28, 2005.

[4]    References to the "Memorandum" are to Chen's "Memorandum of Law in Support of the Petitioner's 28 U.S.C. § 2255 Motion."  Page numbers have been supplied by the Court.

The Second Circuit has also held, however, that "a waiver of appellate or collateral attack does not foreclose an attack on the validity of the process by which the waiver has been produced, here, the plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002) (citation omitted). Accordingly, the district court "does not automatically enforce § 2255 waivers in the face of ineffectiveness of counsel, as such claims may call into question the very legitimacy of the § 2255 waivers." Mendez v. United States, No. 01 Civ. 2924 (RMB), 2002 WL 226693, at *2 (S.D.N.Y. Feb. 13, 2002) (quotation omitted).

A valid guilty plea must "represent a voluntary and intelligent choice among the alternative courses of action open to the defendant." Ventura v. Meachum, 957 F.2d 1048, 1058 (2d Cir. 1992). Here, Chen does not even suggest that his waiver was not voluntary, but instead admits that he was "aware of the limitations on his appeal rights . . . [but] believed that he had legitimate issues regarding his sentencing that were not barred under the waiver provision in the plea agreement." (Memorandum at 6). This assertion is belied by Chen's sworn statements at his plea allocution. Chen stated under oath that he understood he was waiving the right to challenge "<u>any</u> sentence within the stipulated range of 219 to 252 months, that is <u>any</u> sentence within that range or below it," and that he would have "<u>no right to appeal or otherwise challenge</u>" any sentence within or below that range. (Plea Tr. at 13) (emphasis added). He further

represented that (1) he was satisfied with his counsel and his counsel's representation of him; (2) he understood the charges in the indictment and the minimum and maximum sentences he could receive; (3) he had a full opportunity to discuss the consequences of his plea with counsel; and (4) he understood the terms of the plea agreement. (Id. at 6-14).

Consequently, I find that the plea agreement is valid. Because I sentenced Chen to a term below the stipulated range, he has waived his right to challenge his sentence.

**B.  The Merits**

    **1.  Apprendi Violation**

Chen argues that his sentence is unlawful because he was sentenced beyond the statutory maximum in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and the Sixth Amendment right to a jury trial. (Memorandum at 8). The Apprendi Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Chen contends that his sentence was improperly enhanced based on facts not found by a jury. (Memorandum at 9-10).

This contention is meritless. First, as explained above, Chen knowingly and voluntarily waived his right to a jury trial. Second, the admonition of Apprendi and Blakely regarding the circumstances under which a penalty for an offense may be

increased beyond the statutory maximum is not applicable here because there was simply no increase beyond the prescribed statutory maximum.  See Blakely, 124 S. Ct. at 2537 (explaining that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant") (emphases added).  Here, Chen pleaded guilty to facts that would have subjected him to a statutory maximum sentence of eighty years on counts one, two, three, and five, and a consecutive sentence of life imprisonment on count four.  (Plea Tr. at 10-11).  Moreover, he stipulated to a guidelines ranges of 219 to 252 months.  His sentence of 192 months is clearly below both the statutory maximum and the stipulated guidelines range.  Apprendi and Blakely are therefore inapplicable.

Accordingly, Chen's motion is denied on this claim.

### 2. Ineffective Assistance of Counsel

#### A) Applicable Law

To prevail on his claim of ineffective assistance of counsel, Chen must show that (1) his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) he was prejudiced by counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 686-88 (1984).  When applying the Strickland test, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.  "The Court's central concern is not with 'grading counsel's performance,' . . . but with discerning 'whether,

-10-

despite the strong presumption of reliability, the result of the particular proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.'" United States v. Aguirre, 912 F.2d 555, 561 (2d Cir. 1990) (quoting Strickland, 466 U.S. at 696).

   B.   **Application**

      (1)  **Counsel's Failure to Conduct an Effective Investigation**

Chen contends that his attorney was ineffective because he "hastily pushed the petitioner through his criminal proceedings without first conducting a diligent discovery investigation into the evidence against him." (Memorandum at 4). Chen states that, as a result, counsel failed to "explor[e] possible defenses the petitioner might have, particularly, factual innocence defenses against the proposed increased penalty enhancements." (Id. at 5). Though his point is not entirely clear, Chen appears to be arguing that his attorney should have investigated the fact -- stipulated to by Chen in the plea agreement -- that a victim in Chen's second robbery suffered a permanent or life-threatening injury when Chen discharged his firearm and the bullet grazed a woman's head, which resulted in Chen and the government stipulating to a six-level increase in the offense level. (See Plea Agreement at 4). The probation department, in preparing the PSR, concluded that the government's evidence only supported a finding of bodily injury, but not a life-threatening or permanent injury, and thus recommended only a two-level enhancement.

Chen's argument fails because, even assuming that his counsel's investigation was objectively deficient in failing to verify the extent to which the "grazing" caused serious bodily injury, he cannot show that he was prejudiced because the Court accepted the recommendation of the PSR that the victim had suffered only a bodily injury. (Sent. Tr. at 6). Though Chen argues that in his plea agreement he stipulated to a sentencing range of 219 to 252 months only as a result of the counsel's deficient performance, I sentenced him to a term of only 192 months, based in part on the finding in the PSR that the injury was not permanent or life-threatening. Thus, whatever prejudice Chen would have suffered as a result of the deficient performance was ultimately corrected when he received a sentence that was twenty-seven months shorter than the minimum sentence that he stipulated to in the plea agreement. Chen's claim of ineffective assistance is therefore rejected, as Chen has failed to satisfy the prejudice prong of the Strickland test.

**(2)** **Counsel's Failure to File a Notice of Appeal**

Chen also argues that his counsel was ineffective for ignoring his request to file a notice of appeal. The Supreme Court has held that under Strickland, counsel has a duty to "consult with the defendant about an appeal . . . when the defendant reasonably demonstrate[s] to counsel that he [is] interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). The Second Circuit has held that "[e]vidence that a defendant sufficiently demonstrated to counsel his interest in an

appeal, when taken alone, is 'insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal.'" Sarroca v. United States, 250 F.3d 785, 787 (2d Cir. 2001) (quoting Flores-Ortega, 528 U.S. at 486). If counsel's performance, however, deprives a defendant of an appeal that he otherwise would have taken, he has been denied effective assistance of counsel, and is entitled to appeal. Muniz v. United States, 360 F. Supp. 2d 574, 581 (S.D.N.Y. 2005) (citation omitted). Thus, Chen must prove that, "but for counsel's deficient conduct, he would have appealed." Flores-Ortega, 528 U.S. at 486.

In determining whether a reasonable defendant would have appealed, the Supreme Court has observed:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a . . . particular defendant sufficiently demonstrated to counsel an interest in an appeal.

Flores-Ortega, 528 U.S. at 480.

Thus, the harm that Flores-Ortega seeks to avoid is when counsel does not consult -- when "it is impossible to

determine . . . whether [counsel] advised respondent about the advantages and disadvantages of taking an appeal and made a reasonable effort to discover his wishes." Id. at 487.

Assuming that Chen instructed his counsel to file an appeal,[5] I conclude that his counsel nonetheless satisfied the requirements of Flores-Ortega because both Chen and his attorney stated on the record that they had discussed the plea agreement fully and Chen acknowledged that as part of the plea agreement he was waiving his right to appeal. Implicitly, then, Chen acknowledged discussing with his attorney the advantages and disadvantages of filing an appeal. (See Plea Tr. at 6, 13-14).

Courts have drawn a distinction between those cases where a defendant has not waived his right to appeal and those where a defendant has knowingly and voluntarily waived his right to appeal. See, e.g., Flores-Ortega, 528 U.S. at 480. The distinction is significant because the constitutional duty imposed by Flores-Ortega on counsel is only to "consult with the defendant about an appeal . . . when the defendant reasonably demonstrate[s] to counsel that he was interested in appealing." Id. The Second Circuit, applying this standard, has held that it is not enough for a defendant "to express[] some interest in appealing." Sarrocca, 250 F.3d at 789. Rather, the "facts of each case," including whether a defendant pled guilty and waived

---

[5] Chen asserts in his memorandum of law that he instructed counsel to file an appeal "immediately after sentencing." (Memorandum at 5).

the right to appeal, are determinative.  Id. at 788.

Here, the plea agreement barred Chen from appealing his sentence if it was within or below the stipulated range of 219-252 months.  Chen was sentenced to 192 months, and, as a result of the effective waiver, any appeal would have been dismissed as barred or for lack of merit.  Under these circumstances -- where the defendant pled guilty (thus indicating his desire to end the judicial proceedings), waived his right to appeal, and was sentenced to a term well below the stipulated range -- I find that Chen cannot show that counsel's failure to file a notice of appeal was objectively unreasonable.  In short, Chen had no right to appeal, and he is now claiming to have been denied the very right he knowingly and voluntarily waived.  The motion is therefore denied.

**CONCLUSION**

Accordingly, the motion for relief pursuant to 28 U.S.C. § 2255 is denied in all respects. Because Chen has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision would not be taken in good faith.

The Clerk of the Court shall enter judgment denying the motion and the case shall be closed.

SO ORDERED.

Dated: New York, New York
November 3, 2005

DENNY CHIN
United States District Judge